## JONES *vs.* WRIGHT.

A senior judgment will take money raised by a junior judgment from land protected from the former by four years' possession of a *bona fide* purchaser for value, such purchaser not having any interest in the fund—the junior judgment being paid the expenses of bringing the fund into court.

Judgments. Lien. Before Judge WRIGHT. Mitchell Superior Court. November Term, 1877.

Reported in the opinion.

DAVIS & LYON, by brief, for plaintiff in error.

B. B. BOWER, by brief, for defendant.

JACKSON, Judge.

Mrs. Margaret Jones held a *fi. fa.* issued on a judgment dated in 1867, which was levied upon the land of one Crosby, the defendant, and the land was sold and the money brought into court. Wright held an older judgment against the same defendant, not levied on this land. Wright claimed the money on his older *fi. fa.* Mrs. Jones resisted the claim of Wright because his *fi. fa.* could not have sold the land, the

same having been four years in the possession of a *bona fide* purchaser from Crosby, without levy by that execution, whereas hers had been levied in time to sell the land against the claim of the purchaser.

The court ruled out testimony offered by Mrs. Jones to. prove these facts, and ordered the money paid to the older Wright *fi. fa.*, and error is assigned on this ruling.

The question is, did the older judgment loose its lien upon the fund in court, when it was raised and brought in by the junior judgment, and when it could not have been brought in by the older judgment, because the property had been four years in the possession of a *bona fide* purchaser, without interruption by this judgment and without notice thereof?

The statute relied upon by the plaintiff in error is, " When any person has *bona fide*, and for a valuable consideration, purchased real or personal property, and has been in possession of such real property for four years, or of such personal property for two years, the same shall be discharged from the lien of any judgment against the person from whom he purchased ;" and the argument is, that as the land was discharged from the lien of Wright's judgment, its proceeds, the fund in court, is also discharged.

The statute requires that the purchase should have been for a valuable consideration, and that was not offered to be proven ; but waiving that, which probably was a mere omission to state all Mr. Jones could have proved, and admitting that the purchaser bought for value, and that the statute was complied with in terms in all respects, can the older judgment take money, though it could not have sold the land? In 54th *Ga.*, 569, it was held that when a debt older than the constitution of 1868, was levied on homestead property and brought the money into court, though its judgment was younger than a judgment founded on a debt since the constitution of 1868, the junior judgment would take the money, because there never was a time when the older judgment could have forced the land to sale ; it never had

any lien on it : but the question here is different. This judgment could have once sold this land—its lien was good against it—and is good against it now in the hands of anybody but a purchaser for value who has held the possession for four years. It is now gone out of his hands—he is no longer contesting—he has no interest in it—the money is in court, and two judgment creditors are claiming it. The fight is between them, and the oldest judgment, under the general rule, will take the money. The statute protecting four years' possession in a purchaser for value, *bona fide*, was enacted to protect that purchaser from the lien of the judgment—it was passed for his benefit—and as he has no interest in this money, the court below did not err in giving it to the older judgment. Of course the junior judgment ought to be paid for bringing the money into court, and we suppose that was done, as no point has been made upon it—if not, the expenses of bringing the fund in should be paid.

Judgment affirmed.